**WO** JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rachan Banchong, aka Robert Richard McMasters,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Katrina Kane,<br><br>　　　　Respondent. | No. CV 09-0582-PHX-MHM (JRI)<br><br>**ORDER** |

Petitioner Rachan Banchong, aka Robert Richard McMasters,[1] (A038-456-174), who is confined in the Eloy Detention Center in Eloy, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The five dollar filing fee has been paid. The Court will require Respondent to answer the Petition.

**I.    Petition**

Petitioner was born in Thailand in 1972. Petitioner alleges that on August 4, 1983, he was adopted by Ronald Richard McMasters, who is a United States citizen. Petitioner also alleges that his father legally changed Petitioner's name to Robert Richard McMasters and obtained an Ohio birth certificate reflecting the name change. On an unspecified date,

---

[1] Mail sent by the Clerk of Court to "Robert Richard McMasters" was returned to the Court with the notation that the "Name Does Not Match [the] #" (Doc. #4). Accordingly, the Clerk will be directed to send mail to Petitioner under the name Rachan Banchong, aka Robert Richard McMasters.

**TERMPSREF**

1  Petitioner was taken into custody by Immigration and Customs Enforcement and he is
2  currently being held under the name Rachan Banchong.

3  On June 3, 2008, an immigration judge entered an order for Petitioner's removal from
4  the United States.  On September 4, 2008, the Board of Immigration Appeals dismissed
5  Petitioner's appeal.  On February 24, 2009, the United States Court of Appeals for the Ninth
6  Circuit dismissed Petitioner's petition for review for lack of jurisdiction.  Rachan Banchong
7  v. Holder, No. 08-74009 (9th Cir. Feb. 24, 2009) (unpublished order).  However, the Ninth
8  Circuit's dismissal order provided that the temporary stay of removal previously entered by
9  that court was to remain in effect until the issuance of the court's mandate.  Id.  The appellate
10 docket reflects that the mandate has not yet issued and Petitioner's motion to reconsider is
11 still pending before the court of appeals.

12 In his Petition for Writ of Habeas Corpus, Petitioner argues that his continuing
13 detention is unlawful because he is being held under the wrong name and because he
14 qualifies as a United States citizen by virtue of his adoption by a United States citizen.  The
15 Ninth Circuit recently held that a habeas corpus petitioner need not wait until his removal
16 proceedings are completed before he can seek review in the district courts of his claim that
17 his detention is unlawful because he is a citizen of the United States.  Flores-Torres v.
18 Mukasey, 548 F.3d 708, 713 (9th Cir. 2008).  Accordingly, the Court will require
19 Respondent to answer the Petition.

20 **II.    Motion for Stay of Removal**

21 Petitioner has filed a Motion for Stay of Removal Pending Consideration of Petition
22 for Writ of Habeas Corpus (Doc. #3).  As previously noted, however, the stay of removal
23 entered by the Ninth Circuit is still in effect.  Petitioner has therefore failed to demonstrate
24 that "specific facts in an affidavit or a verified complaint clearly show that immediate and
25 irreparable injury, loss or damage will result before [Respondents] can be heard in
26 opposition."  FED. R. CIV. P. 65(b)(1)(A).  Accordingly, Petitioner's Motion for Stay of
27 Removal will be denied without prejudice.
28 ////

1  **III.   Warnings**

2      **A.   Address Changes**

3  Petitioner must file and serve a notice of a change of address in accordance with Rule 4  83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other 5  relief with a notice of change of address. Failure to comply may result in dismissal of this 6  action.

7      **B.   Copies**

8  Petitioner must serve Respondent, or counsel if an appearance has been entered, a 9  copy of every document that he files. FED. R. CIV. P. 5(a). Each filing must include a 10  certificate stating that a copy of the filing was served. FED. R. CIV. P. 5(d). Petitioner also 11  must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to 12  comply may result in the filing being stricken without further notice to Petitioner.

13      **C.   Possible dismissal**

14  If Petitioner fails to timely comply with every provision of this Order, including these 15  warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 16  963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to 17  comply with any order of the Court).

18  **IT IS ORDERED:**

19  (1)   The Clerk of Court must send mail to Petitioner under the name Rachan 20  Banchong, aka Robert Richard McMasters.

21  (2)   Petitioner's Motion for Stay of Removal Pending Consideration of Petition for 22  Writ of Habeas Corpus (Doc. #3) **denied** without prejudice.

23  (3)   The Clerk of Court must serve a copy of the Summons, Petition and this Order 24  upon the United States Attorney for the District of Arizona by certified mail addressed to the 25  civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of 26  the Federal Rules of Civil Procedure. The Clerk of Court also must send by certified mail 27  a copy of the Summons, Petition and this Order to the United States Attorney General 28  pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2).

(4)   Respondent must answer the Petition within 20 days of the date of service. Respondent must not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.  Petitioner may file a reply within 20 days from the date of service of the answer.

(5)   The matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 9th day of April, 2009.

_____
Mary H. Murguia
United States District Judge