**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Rachan Banchong,** <br> Petitioner <br> -vs- <br> **Katrina Kane, et al.,** <br> Respondents | CV-09-0582-PHX-MHM (JRI) <br><br> **REPORT & RECOMMENDATION** <br> **On Petition for Writ of Habeas Corpus** <br> **Pursuant to 28 U.S.C. § 2241** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Eloy Detention Center in Eloy, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on March 23, 2009 (#1). On May 18, 2009, Respondents filed their Response (#15). Petitioner filed a Reply on June 5, 2009 (#15) and a Motion for Stay of Removal on September 30, 2009 (#16).

The Petitioner's Petition and Motion are now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

Petitioner was born Rachan Banchong in Thailand on February 14, 1972 to Somying Arylone. (Exhibit 1, Visa; Reply Exhibits, Birth Cert.) (Exhibits to the Response (#14) are referenced herein as "Exhibit ___." Exhibits to the Reply (#15) are referenced herein as "Reply Exhibit".) His parents, Ronald McMasters and Somying Arylone were married on May 3, 1976. (Exhibit 1, Visa; Reply Exhibit, Cert. Marriage.)

He was granted an Immigrant Visa and was admitted to the United States on July 27, 1983, at the age of 11, as a legal permanent resident. (Exhibit 1, Visa.) A few days later, on August 4, 1983, Petitioner was adopted by Ronald R. McMasters, and Petitioner's name was changed to Robert Richard McMasters. (Reply Exhibit, Judgment 8/4/83.) His father, Ronald McMasters, was a United States Citizen. (Exhibit 2, R.T. 11/16/07.)

At the age of 18, Petitioner entered into service in the United States military under the name Robert Richard McMaster. (Reply Exhibit, Record of Military Processing.)

On August 5, 1999, Petitioner was convicted in the California Superior Court of two counts of lewd and lascivious conduct with a child under the age of 14, one of the counts with "great bodily injury," and was given sentences of eight and two years in prison. (Exhibit 4, Abstract.)

## B. REMOVAL PROCEEDINGS

Eight years later, on September 6, 2007, a Notice to Appear (Exhibit 5) was issued by the Department of Homeland Security, alleging that Petitioner was removable as a result of his criminal convictions. Petitioner was simultaneously ordered detained. (Exhibit 6, Cust. Determ.)

Petitioner admitted the allegations of removability, and on June 3, 2008, the immigration judge found Petitioner removable, noted that Petitioner declined to seek withholding of removal or deferral of removal under the Convention Against Torture, and found Petitioner ineligible for withholding of removal under the Immigration and Nationality Act ("INA"). Consequently, Petitioner was ordered removed to Thailand. (Exhibit 7, I.J. Dec.)

## C. PROCEEDINGS BEFORE BIA

Petitioner appealed his removal order to the Board of Immigration Appeals ("BIA"), arguing that the Notice to Appear had failed to properly identify Petitioner by his legal name, and that Petitioner was a citizen as a result of his adoption and induction into the military as

a citizen.  (Exhibit 8, Not. Appeal.)  On September 4, 2008, the BIA issued its decision (Exhibit 8), finding that Petitioner's legal name had been properly listed, and that despite his adoption and military service, Petitioner was not a United States citizen.

## D.  PROCEEDINGS BEFORE NINTH CIRCUIT

Petitioner then filed a Petition for Review by the Ninth Circuit Court of Appeals (Exhibit 10).  The Ninth Circuit issued a stay of removal, which was continued until issuance of its mandate.  The government moved to dismiss for lack of jurisdiction, and on March 23, 2009, that Petition was dismissed on the basis of a lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(C) (no jurisdiction to review order of removal of criminal alien).  Petitioner sought reconsideration, which was denied on May 1, 2009.  (Exhibit 11, Docket.)  On May 19, 2009, the Ninth Circuit issued its Mandate.  (Reply Exhibits, Mandate.)

## E.  CUSTODY DETERMINATIONS

Petitioner has been in custody since the institution of his removal proceedings on September 6, 2007.  His custody was reviewed on February 6, 2009, and he was ordered to continue to be detained.  (Exhibit 12, Not. Cust. Rev.; Exhibit 13, Dec. to Detain.)

## E.  PRESENT FEDERAL HABEAS PROCEEDINGS

Petitioner instituted the present proceeding by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on March 23, 2009 (#1).  Petitioner raises the same claims asserted to the BIA, in two grounds for relief arguing his continuing detention is unlawful because:

1.      he is being held under the wrong name; and

2.      he qualifies as a United States citizen by virtue of his adoption by a United States citizen.

On May 18, 2009, Respondents filed their Response (#14).  Respondents argue that: (a) Petitioner's claims are vague and conclusory, (b) this Court lacks jurisdiction because the

matter was then pending before the Ninth Circuit, (c) Petitioner fails to establish his citizenship, and (d) Petitioner fails to justify his release.

On June 5, 2009, Petitioner filed his Reply (#15) arguing that the Ninth Circuit's jurisdiction had terminated upon issuance of its mandate, that he has established his detention under something other than his true name, and as a result of his induction into the military as a United States citizen, the government is estopped from now denying his citizenship.

## III. APPLICATION OF LAW TO FACTS

### A. JURISDICTION

Respondents argue in their response that the Court lacks jurisdiction to address Petitioner's claims because the matter was pending before the Ninth Circuit Court of Appeals. (#15 at 4-5.) Respondents argue that this fact distinguishes the instant case from *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008), which this Court relied upon in its service Order to find jurisdiction. (*See* Order 4/9/9, #15 at 2.) Petitioner simply points out that the Ninth Circuit has since dismissed his appeal.

Respondents attempt to distinguish *Flores-Torres*, which involved a challenge to detention based upon citizenship which was raised while administrative proceedings were on-going. The court found that while the jurisdiction stripping provisions of the REAL ID Act would preclude the district court from exercising jurisdiction over citizenship claims raised as challenges to an order of removal, they did not preclude jurisdiction over such claims raised as challenges to detention. 548 F.3d at 711.

To the extent that Respondents simply distinguish *Flores-Torres* on the basis that there was no circuit proceeding pending in that case, the dismissal of Petitioner's circuit court appeal moots the argument.

Respondents also argue that *Flores-Torres* may be distinguished upon the absence of a final order of removal. Such an order now exists in this case. Nothing in the reasoning of *Flores-Torres* explicitly depended upon the absence of such an order. Rather, the pertinent factor was whether the petition sought "review of an order of removal." 8 U.S.C. § 1252(b).

Thus, while *Flores-Torres* may be distinguished (as it is hereinafter) on the presence of a removal order which is affected by the claim of citizenship, the basic holding of the case continues to apply.

Under *Flores-Torres*, where the "petitioner's habeas petition challenges only his continued detention rather than the merits of his removal order, [the district court] has jurisdiction pursuant to 28 U.S.C. § 2241 to consider petitioner's habeas petition." *Ovchinnikov v. Clark,* 543 F.Supp.2d 1265, 1268 (W.D.Wash.,2008). The legislative history makes clear that the REAL ID Act amendments "would not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Instead, the bill would eliminate habeas review only over challenges to removal orders." *Singh v. Gonzales,* 499 F.3d 969, 978 (9th Cir. 2007).

Here, Petitioner does not directly seek review of his removal order. He does not ask that the removal order be invalidated, but simply that he be released from detention (and/or detained under his legal name).

However, one of the bases upon which Petitioner argues for such relief is his claim to citizenship. To resolve the request for relief, this Court would have to resolve Petitioner's claim to citizenship, and if this Court found that Petitioner was indeed a citizen, it would invalidate his removal order. *See Minasyan v. Gonzales*, 410 F.3d 1069, 1075 (9th Cir. 2005) (assertion of citizenship is denial of an essential jurisdictional fact underlying the removal order). *Flores-Torres* did not confront such an issue because there was no removal order yet in existence which would be invalidated as a result of a finding of citizenship. Here, however, there is an order, and Petitioner's assertion of citizenship would invalidate it. Thus, it cannot be said that Petitioner's assertion of citizenship is "independent of" a challenge to his removal order. *Singh*, 499 F.3d at 978.

Accordingly, to the extent that Petitioner seeks release from detention on the basis of his citizenship, this district court is without jurisdiction to hear the claim. Therefore, Petitioner's Ground 2 should be dismissed for lack of jurisdiction.

## B. NAME USED TO DETAIN

In his Ground 1, Petitioner seeks an order requiring that he be detained under his true legal name "Robert Richard McMasters" and that any travel documents be issued in that name. Respondents do not address this claim.

To the extent that Petitioner seeks to be released from detention on the basis of an error in his name, Petitioner fails to state a claim. Petitioner does not deny that he is the subject of the removal and detention orders. He does not assert some confusion about his identity or that the government has the wrong person. He simply opposes the government's use of his birth name, rather than his legal name, in the course of his detention and removal. However, Petitioner points to no authority directing the use of a legal name for such purposes, as opposed to, for example, an alias, a number, or a birth name. Petitioner suggests no illicit purpose by the government. Indeed, it seems likely that use of his birth name would be required in some documents to have Thailand acknowledge him as a citizen of that country for purposes of securing his return there. Petitioner offers no basis for finding that his detention under his birth name is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

To the extent that Petitioner simply challenges the government's manner of enforcing its otherwise valid detention or removal of Petitioner, Petitioner's relief must lie outside habeas. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A civil rights action, in contrast, is the proper method of challenging "conditions of ... confinement." *Id*. at 498-99. "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979). "The appropriate remedy for [unconstitutional conditions of confinement] would be a judicially mandated change in conditions and/or award of damages, but not release from confinement." *Id.* at 892.

Accordingly, to the extent that it is an attack on his confinement, Petitioner's Ground

1 is without merit and should be denied. To the extent that it is an attack on the conditions

of his confinement, Petitioner's Ground 1 is improperly brought as a habeas action, and

should be dismissed.

## C.  CITIZENSHIP

As discussed above, the undersigned has concluded that Movant's assertion of

citizenship amounts to an indirect attack on his removal order, and thus is beyond the

jurisdiction of the district court.

Even if this Court had jurisdiction, Petitioner has failed to show he is entitled to

relief.[1]

Petitioner asserts citizenship based upon his adoption by a U.S. citizen and from his

induction into the military as a citizen and his service therein.

**Adoption** - Sections 320 and 322 of the INA, codified at 8 U.S.C. §§ 1431 & 1433,

governs the citizenship of children born outside of the United States. The version of those

statutes applicable to Petitioner[2] do not render him a citizen.

Section 1431 concerns the citizenship of foreign born children in a mixed marriage

---

[1]  Arguably, in the course of finding a lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(C), the Ninth Circuit was required to find that Petitioner was a criminal "alien" and thus presumably rejected his claims to citizenship.  The parties have not, however, provided sufficient records  from those proceedings to explain the Ninth Circuit's terse decision.  Thus, the undersigned presumes that the Ninth Circuit was not required to resolve Petitioner's citizenship claims, and that there is no law of the case that would prevent this Court from addressing those issues.

[2]  As noted by the BIA in disposing of Petitioner's citizenship claims, those provisions were amended with the adoption of the Child Citizenship Act of 2000 ("CCA"). However, they also properly noted that the CCA limited its effect to "individuals who satisfy the requirements"of the CCA on its effective date.  Pub. L 106-395, 114 Stat 1631, § 104. One of those requirements was that the child be "under the age of eighteen years." 8 U.S.C. § 1431(a)(2).  Petitioner turned 18 in 1990, a decade before the adoption of the CCA. Accordingly, Petitioner's claim to citizenship is governed by the law as it existed prior to the CCA.

- 7 -

(e.g. where one is a citizen, and the other is not), when the alien parent becomes naturalized.[3] Upon such naturalization, the child automatically becomes a citizen, provided certain conditions are met. However, Petitioner's father was always a citizen, and Petitioner has not shown that his mother was ever naturalized. Consequently, this provision would not render Petitioner a citizen.

Section 1433 concerns applications for citizenship by a parent on behalf of a child. It does not bestow automatic citizenship. Petitioner does not assert that any such application was ever filed.[4]

Accordingly, Petitioner has not acquired citizenship by virtue of his adoption by a U.S. citizen.

Military Service - Citizenship may be acquired through military service under 8 U.S.C. § 1439. However, as recognized by the BIA, this provision does not confer automatic citizenship, but requires an application for citizenship. Petitioner proffers no evidence of the making or approval of such an application.

Estoppel - Petitioner argues in his reply that the government should be estopped from denying his citizenship because he was admitted into the military as a citizen. His Record of Military Processing reflects that his citizenship was "U.S. at Birth" because he was "born abroad of U.S. Parent(s)." (Reply Exhibits, Rec. Military Processing.)

Because this claim was first raised in the Reply, Respondents have not addressed it. "A Traverse is not the proper pleading to raise additional grounds for relief." *Cacoperdo v. Demosthenes* 37 F.3d 504, 507 (9th Cir. 1994). On this basis alone, this claim should be denied.

---

[3] 8 U.S.C. § 1432, repealed by the CCA, concerned citizenship of children of two aliens upon naturalization of the parents. This provision would have no application to Petitioner.

[4] Further, the application must filed (if not granted) while the child is "under the age of 18 years." 8 U.S.C. § 1533(a)(3) (1999). *See* 8 C.F.R. § 322.2(a)(1) (1999) (requiring child be "under 18 years of age, both at the time of application and at the time of admission to citizenship").

Moreover, the military's erroneous description of Petitioner's citizenship is not determinative. The Government is not "bound by the mistaken representations of an agent unless it were clear that the representations were within the scope of the agent's authority." *Office of Personnel Management v. Richmond,* 496 U.S. 414, 420 (1990). Determinations of U.S. citizenship have been the purview of the courts, *see I.N.S. v. Pangilinan,* 486 U.S. 875, 884 (1988), the Attorney General, 8 U.S.C. § 1443, and the Secretary of State, 22 U.S.C. § 2705 (passport conclusive proof of citizenship). Petitioner points to no authority on the part of the U.S. military to determine citizenship.

Further, Petitioner fails to meet the prerequisites for application of principles of estoppel.

> A party seeking to raise estoppel against the government must establish affirmative misconduct going beyond mere negligence; even then, estoppel will only apply where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability. Estoppel against the government is unavailable where petitioners have not lost any rights to which they were entitled.

*Morgan v. Gonzales,* 495 F.3d 1084, 1092 (9th Cir. 2007). Petitioner offers nothing to suggest that the error in his military record resulted from affirmative misconduct. It seems as likely that the error was the result of Petitioner's own misrepresentation, as any affirmative determination by the military. And, Petitioner points to no rights to which he is entitled which have been lost as a result of an error in his military record. To the contrary, Petitioner is attempting to leverage what appears to be a simple error into a windfall, *to wit* citizenship to which Petitioner is not otherwise entitled.

Accordingly, Petitioner fails to establish that the government is now estopped from denying his citizenship.

**D.  STAY OF REMOVAL**

On September 30, 2009, Petitioner filed a Motion for Stay of Removal (#16), arguing that the government is actively attempting to effect his removal, and that such removal could "conflict with" any relief granted in this case. Thus Petitioner seeks a stay of removal

pending a ruling on the Petition.

Respondents have not responded to the motion.

To be entitled to a stay of removal, "Petitioner must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor." *Abbassi v. I.N.S.,* 143 F.3d 513, 514 (9th Cir. 1998). For the reasons discussed above, Petitioner cannot show a probability of success on the merits of his claims. Nor has Petitioner suggested any hardships that would result from his removal pending a resolution of this matter. Petitioner has been incarcerated for an extended period of time, both as a convicted criminal and recently as a removable alien, derogating from much of the life disruption that would normally be expected from a removal.

Moreover, acceptance of the balance of this report & recommendation would render his request moot.

Accordingly, this motion should be denied.

**E. CERTIFICATE OF APPEALABILITY**

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." However, such certificates are only required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). This case arises under 28 U.S.C. § 2241, and does not attack a State court detention. Accordingly, no ruling on a certificate of appealability is required, and no recommendation thereon will be offered.

**IV. RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Ground 1 (Name) of the Petitioner's Petition for Writ of Habeas Corpus, filed March 23, 2009 (#1) be **DISMISSED** as an

- 10 -

improper attack on the conditions of his confinement, or alternatively **DENIED** as without merit.

        **IT IS FURTHER RECOMMENDED** that Ground 2 (Citizenship) of the Petitioner's Petition for Writ of Habeas Corpus, filed March 23, 2009 (#1) be **DISMISSED** for lack of jurisdiction, or alternatively **DENIED** as without merit.

        **IT IS FURTHER RECOMMENDED** that Petitioner's Motion for Stay of Removal, filed September 30, 2009 (#16) be **DENIED**.

        **IT IS FURTHER RECOMMENDED** that a certificate of appealability be denied.

## V. EFFECT OF RECOMMENDATION

        This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

        However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: December 22, 2009

                                       JAY R. IRWIN
                                  United States Magistrate Judge